860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin BUTLER, Jr., Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS, Robert Brown, Jr., Director,
Defendant-Appellee.
 No. 88-1441.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's judgment denying his requests for temporary and preliminary relief. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, plaintiff Benjamin Butler alleged that defendant's drug testing procedures violate his right to due process. Butler requested declaratory and injunctive relief only. He asked the district court to "temporarily restrain and preliminarily enjoin" defendants from further punishing him for his failure to comply with the testing procedures, to order defendants to destroy records showing his refusal to submit samples for drug testing, and to order a parole hearing where the drug test evidence would not be considered.
 
 
 3
 The district court denied the requests for temporary and preliminary relief as well as a subsequent motion for reconsideration. On appeal, Butler asserts that the district court abused its discretion by denying injunctive relief and by failing to conduct an evidentiary hearing on his claims.
 
 
 4
 Upon review, we must determine whether the district court abused its discretion in light of four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether irreparable injury will occur absent the injunction; (3) whether the injunction could harm third parties; and (4) whether the public interest would be served by issuing the preliminary injunction. Planned Parenthood Ass'n v. City of Cincinnati, 822 F.2d 1390, 1393 (6th Cir.1987). These factors are not prerequisites to the grant or denial of a preliminary injunction but are matters to be weighed by the court. See Frisch's Restaurants, Inc. v. Shoney's Inc., 759 F.2d 1261, 1263 (6th Cir.1985). We conclude that the district court properly considered these factors and that the denial of the motion for an injunction was not an abuse of discretion.
 
 
 5
 Additionally, we note that Butler has asserted no basis for an evidentiary hearing nor was a hearing required. See Fed.R.Civ.P. 65; SEC v. G. Weeks Securities, Inc., 678 F.2d 649, 651 (6th Cir.1982).
 
 
 6
 Accordingly, the district court's judgment filed March 31, 1988, is hereby affirmed for the reasons stated in the district court's memorandum opinion. Rule 9(b)(5), Rules of the Sixth Circuit.